# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-2238V

|  |  |
|---|---|
| TAYLOR PARKER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 11, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 30, 2021, Taylor Parker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury - shoulder injury related to vaccine administration as a result of the administration of her October 21, 2020, influenza vaccination. Petition, ECF No. 1. On July 1, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 48.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,078.19 (representing $35,748.60 in fees plus $1,329.59 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 23, 2025, ECF No. 54. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 50.

Respondent reacted to the motion on October 23, 2025, deferring resolution of the amount to be awarded to my discretion. ECF No. 55 at 2-5. Petitioner filed a reply thereafter requesting an award of attorney's fees and litigation costs as indicated in the Motion. ECF No. 56.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the fees request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, I have reviewed the requested costs. Petitioner has provided supporting documentation at ECF No. 54-2. I find the majority of the costs to be reasonable, with the exception of an administrative fee in the amount of $50.00. See ECF No. 54-1 at 30. Counsel should note that it is not the practice of OSM to reimburse Petitioners for administrative charges. It is well established in the Program that administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); See also *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014); *Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).* Thus, I hereby reduce the requested costs to be awarded by $**50.00** to account for this issue.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $37,028.19 (representing $35,748.60 in fees plus $1,279.59 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
